Filed 10/8/25  P. v. Gore CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084321 |
| v. | (Super.Ct.No. FWV025432) |
| SAMUEL LEE GORE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Reversed and remanded with directions.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2004 a jury convicted Samuel Lee Gore of premeditated first-degree murder.  In 2019, the trial court denied Gore's petition for resentencing under what is now Penal Code section 1172.6.[1]  In 2024, Gore again petitioned for relief under section 1172.6.  The court dismissed the second petition as precluded by the first.  Gore argues that recent changes to the law entitle him to again seek relief, so the dismissal was erroneous.  We agree Gore was not precluded from seeking relief under current law.  On the merits, however, we conclude that he is not entitled to relief under section 1172.6.  We therefore remand with directions to vacate the dismissal of Gore's second section 1172.6 petition and to enter a new order denying it on the merits.[2]

BACKGROUND

The trial court denied Gore's 2019 petition for resentencing under what is now section 1172.6 for failing to state a prima facie case.  In doing so, the court took judicial notice of "the court file and record of conviction in People versus Samuel Lee Gore, San Bernardino County Superior Court, Case No. FWV025432, including without limitation, the information, abstract and judgment, minute orders, particularly the Minute Order dated March 3rd, 2004, verdict form, jury instructions and sentencing report.  And the

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] The People request we take judicial notice of the clerk's transcripts and reporter's transcripts from Gore's direct appeal.  Gore opposes the request, arguing the trial court did not consider these documents and therefore it would be inappropriate for this court to consider them.  We deferred ruling on the People's request, and now grant it. We review a trial court's decision at the prima facie stage de novo.  (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200 (*Bodely*).)  As the transcripts are part of the record of conviction, they are properly considered in determining whether a petitioner has stated a prima facie case.

Court of Appeal decision dated on or about October 24th, 2005, case No. E036028, entitled People versus Samuel Lee Gore[.]" The court found that Gore had not made a prima facie case for relief because he was the "actual killer" as set forth in all the record evidence and because he was convicted of "premeditated and deliberate murder." The court stated that it was relying on the sentencing report, the judgment, the verdict form, and "the facts set forth in the Court of Appeal decision" No timely appeal was taken from the 2019 order. Gore filed an unrelated appeal in case number E075693 on September 10, 2020, and that appeal was dismissed.

Gore filed a new section 1172.6 petition in 2024. At the hearing on the petition, the court discussed with counsel whether Gore appealed the denial of his 2019 petition, and what the resolution of that appeal was, if any. Specifically, the court seemed to believe the dismissed 2020 appeal was an appeal from the denial of Gore's first petition. After this discussion, the court stated "he's already had a hearing, he appealed it on whatever grounds he appealed it on, and that appeal was dismissed, and now he's filed the second one," and "based on that, without getting into the merits or making any findings, I think the proper way forward for the court is not to deny the petition, but to just dismiss the petition." The court then did exactly that.

## DISCUSSION

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), effective January 1, 2019, which among other things amended the definition of felony murder in section 189. This amended felony-murder rule restricted

3

culpability for murder to actual killers, aiders and abettors, and anyone who was "a major participant in the underlying felony and acted with reckless indifference to human life" unless the victim was a peace officer. (§ 189, subd. (e)(1)-(3), (f).) Senate Bill No. 1437 also added section 1170.95, later renumbered to section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts," if, among other things, "[t]he petitioner could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) If the petition makes a prima facie case for relief the court must hold an evidentiary hearing. At this hearing, the People have the burden to prove beyond a reasonable doubt that the petitioner could still be convicted guilty of murder under the law as it exists now, with the trial judge sitting as factfinder. (§ 1172.6, subds. (b), (d)(3).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder that remains valid, denying relief

4

at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.)

We review the trial court's decision at the prima facie stage de novo. (*People v. Bodely*, *supra*, 95 Cal.App.5th at p. 1200.)

From the record of conviction, we conclude Gore is ineligible for relief under section 1172.6. The record shows that as a matter of law he could still be convicted of murder under current law. Gore's jury "was not instructed on felony murder, the natural and probable consequences doctrine, aiding and abetting liability, or any other theory of imputed malice. Thus, the record of conviction establishes that [Gore] was convicted as the actual killer who personally harbored malice, and not under any abrogated theory of liability." (*People v. Love* (2025) 107 Cal.App.5th 1280, 1287.) The only first-degree murder theory Gore's jury was instructed on was that he personally committed the murder willfully, deliberately, and with premeditation and malice aforethought. Gore's current section 1172.6 petition therefore should be denied.

The trial court erred by dismissing Gore's petition as precluded by his 2019 petition, instead of denying it on the merits. A second petition is not precluded where the law has been altered or clarified since the first petition. (*People v. Curiel* (2023) 15 Cal.5th 433, 454 [" 'preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue.' "]; see *People v. Farfan* (2021) 71 Cal.App.5th 942, 951 [holding that "because appellant's 2020 [section 1172.6] petition was based on new authority which challenged

5

the primary ground for the superior court's summary denial of his 2019 [section 1172.6] petition, the 2020 petition was not procedurally barred as a successive petition"].)  After the trial court's decision on Gore's first petition, the law governing section 1172.6 petitions changed in a manner that matters to the analysis of Gore's argument. Importantly, the legislature limited consideration of prior appellate opinions to only the case's procedural history, not its summary of the underlying facts.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988; see § 1172.6, subd. (d)(3).)

The trial court's decision to deny Gore's first petition relied on the factual summary from our opinion on Gore's direct appeal of his conviction.  That was a correct application of the law at the time (see *People v. Lewis* (2021) 11 Cal.5th 952, 971-972), but the law has changed.  Thus, Gore's second petition required a different analysis than the first and the trial court should have applied current law in analyzing Gore's second petition on the merits.  Such a review is not precluded, though in this case it does not change the outcome.  The jury instructions demonstrate that Gore cannot show a prima facie case.  We therefore reverse the trial court decision dismissing the petition and remand with directions to deny it.

## DISPOSITION

We reverse the court's decision dismissing Gore's petition, and remand with directions that the trial court enter a new order denying the petition on its merits.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
                                                    J.

We concur:

RAMIREZ _____
            P. J.

FIELDS _____
            J.